IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: GREGORY H. SLAYTON | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>12-20161</u> |
| Debtor | ) | |
| | ) | |
| SWANBERG FARMS INC. | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NUMBER <u>12-02013</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY H. SLAYTON | ) | |
| | ) | |
| Defendant | ) | |

## OPINION AND ORDER DENYING
## MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before me on the motion for partial summary judgment under 11 U.S.C. § 727(a)(3) ("Motion") by Plaintiff Swanberg Farms Inc. ("Swanberg").[1] The Motion is denied, Swanberg not having shown the absence of a dispute as to any material fact and this matter moreover not being ripe for summary judgment.

### CONCLUSIONS OF LAW

### I. Swanberg Has Not Met Its Initial Burden.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

---

[1] The Complaint includes additional counts under § 523 and under Georgia law as well.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable in adversary proceedings by Fed. R. Bankr. P. 7056).[2] A party asserting a fact as undisputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute; or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). The movant bears the initial burden of showing that there is no genuine dispute as to any material fact. <u>Velten v. Regis B. Lippert</u>, 985 F.2d 1515, 1523 (11th Cir. 1993)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986)). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991). Here, Swanberg has not met its initial burden.

Under § 727(a)(3), the court shall grant a discharge unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act

---

[2] Unless otherwise noted, "Rules" in this Opinion and Order means the Federal Rules of Civil Procedure.

was justified under all of the circumstances of the case . . . .

11 U.S.C. § 727(a)(3). Accordingly, denial of discharge under § 727(a)(3) requires evidence establishing either that the debtor concealed, destroyed, mutilated, or falsified any recorded information; or the debtor failed to keep or preserve any recorded information. Butler v. Liu (In re Liu), 288 B.R. 155, 161 (Bankr. N.D. Ga. 2002). The evidence must also establish that it is impossible as a result to ascertain the debtor's financial condition and material business transactions. Id.

Here, Swanberg seeks to establish as a matter of law under § 727(a)(3) that Slayton's financial condition cannot be ascertained due to Slayton's failure to keep or preserve adequate business records. (Mot., ECF No. 22 at 2) Accordingly, to meet its initial burden, Swanberg must show that there is no genuine dispute as to any material fact required to prove that (1) Slayton failed to keep or preserve business records and (2) Slayton's financial condition is impossible to determine because of that failure.

Swanberg has failed to make this showing. The single fact that Swanberg asserts as undisputed is that Slayton "failed to produce anything" in response to Swanberg's request for production of documents. (Id. at 1.) Swanberg did not support this assertion with any record citation to demonstrate that Slayton had no documents that were responsive, but simply attached the discovery request as an exhibit to the Motion and argued that "the complete failure of the Defendant to produce financial records do[es] not

3

meet his burden to maintain adequate financial records under 11 U.S.C. § 723(a)(3)." (Id. at 5.) Swanberg thus having failed to properly support the Motion, the burden did not shift to Slayton, and summary judgment will not be granted.

## II. This Matter Is Not Ripe for Summary Judgment.

Moreover, under the circumstances here, this matter is a discovery dispute, not a matter ripe for adjudication on the merits. The Motion states, "On September 19, 2012, during the Rule 26(f) conference, the Defendant told the Plaintiff that the documents would be produced on or before September 28, 2012. . . . To date [one month later], nothing has been produced." (Id. at 1-2.)

Failure to cooperate in discovery is not a ground for summary judgment under § 727(a)(3). Vulcan Constr. Materials, LP v. Kibel (In re Kibel), No. 10-05086, 2011 WL 1042575, at *14 (Bankr. W.D. Tex. Mar. 16, 2011) ("Section 727(a)(3) should not be used as a substitute for more traditional methods of enforcing discovery, such as those available under Rule 37 of the Federal Rules of Civil Procedure.").

The proper procedure when a party fails to respond to a request for production of documents is a motion to compel. See Fed. R. Civ. P. 37(a). If the court enters an order compelling a response and the party still fails to respond, sanctions may be imposed, including an order barring the party's introduction of the documents as evidence at trial. See Tranche 1 (SVP-AMC), Inc. v. Tan (In re

4

<u>Tan)</u>, 350 B.R. 488, 496 (Bankr. N.D. Cal. 2006).

Here, Swanberg ignored the available remedies under Rule 37, opting instead to move prematurely for a decision on the merits under Rule 56. Accordingly, summary judgment will not be granted.

## ORDER

The Motion for Partial Summary Judgment under 11 U.S.C. § 727(a)(3) is therefore **ORDERED DENIED.**

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 20 day of February, 2013.

AO 72A

(Rev. 8/82)